| | |
|---|---|
| 1 | SHARON A. URIAS (SBN 016970) |
| | DANIEL F. NAGEOTTE (SBN 035562) |
| 2 | **GREENSPOON MARDER LLP** |
| 3 | 8585 E. Hartford Drive, Ste. 700 |
| | Scottsdale, AZ  85255 |
| 4 | Tel.  480.306.5458 |
| 5 | Email:  sharon.urias@gmlaw.com |
| | Email:  daniel.nageotte@gmlaw.com |
| 6 | Firm Email:  azdocket@gmlaw.com |
| 7 | EVAN M. GOLDMAN (*Pro Hac Vice* forthcoming) |
| | **GREENSPOON MARDER LLP** |
| 8 | One Riverfront Plaza |
| 9 | 1037 Raymond Boulevard, Suite 900 |
| | Newark, New Jersey 07102 |
| 10 | Tel.  732-456-8728 |
| 11 | Email:  evan.goldman@gmlaw.com |
| | *Attorneys for Plaintiff, Sr. Ozzy's Franchising LLC* |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SR. OZZY'S FRANCHISING LLC, an Arizona limited liability company, and SR OZZY'S LLC, an Arizona limited liability company, | Case No. |
| | **VERIFIED COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| JISSEL MORALES, an unmarried individual, FERMIN MORALES, an unmarried individual, MARTHA PATRICIA MORALES and JOHN DOE MORALES, a married couple, and SR OZZY'S BAR & GRILL, LLC, an Arizona limited liability company, | |
| Defendants. | |

1

Plaintiffs, Sr. Ozzy's Franchising LLC ("Sr. Ozzy's") and SR Ozzy's LLC, for their Complaint against Defendants, Jissel Morales, Fermin Morales, Martha Patricia and John Doe Morales (collectively, the "Individual Defendants"), and Sr Ozzy's Bar & Grill, LLC ("Bar & Grill") (collectively with the Individual Defendants, "Defendants"), by and through undersigned counsel, hereby state and allege as follows:

## NATURE OF THE CASE

This is an action against the above-named Defendants seeking preliminary and permanent injunctive relief for Defendants' (i) trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a) and common law; (ii) trademark infringement in violation of 15 U.S.C. § 1114; (iii) breach of contract; and (iv) trade secret misappropriation in violation of the Arizona Trade Secrets Act, A.R.S. § 44-401, *et seq*.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sr. Ozzy's Franchising LLC ("Sr. Ozzy's"), is a limited liability company organized and existing under the laws of the State of Arizona. Sr. Ozzy's maintains a principal place of business in Phoenix, Arizona.

2. Plaintiff, SR Ozzy's LLC, is a limited liability company organized and existing under the laws of the State of Arizona. SR Ozzy's LLC maintains a principal place of business in Phoenix, Arizona. SR Ozzy's LLC is the owner of the trademark(s) at issue in this matter.

3. Defendant, Jissel Morales, is an individual and resident of the State of Arizona.

4. Defendant, Fermin Morales, is an individual and resident of the State of Arizona.

5. Defendant, Martha Patricia Morales and John Doe Morales, are a married couple and upon information and belief, are residents of the State of Arizona. At all relevant times, Defendant, Martha Patricia Morales, was acting on behalf of the marital community.

6. Defendant, Bar & Grill, is a limited liability company organized and existing under the laws of the State of Arizona. Bar & Grill maintains a principal place of business in Phoenix, Arizona. Each of the Individual Defendants is a member and manager of Bar & Grill.

7. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) as to claims asserted under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court also has original jurisdiction over the claim of unfair competition pursuant to 28 U.S.C. § 1338(b).

8. This Court has original subject matter jurisdiction as to the claims other than those based on the Lanham Act, under 28 U.S.C. § 1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.

9. Further, an actual justiciable controversy now exists between the parties, and the requested relief is proper under 28 U.S.C §§ 2201-2202.

10. Venue is appropriate in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendant is subject to the court's jurisdiction with respect to this action in this district.

**ALLEGATIONS COMMON TO ALL CLAIMS**

11. Sr. Ozzy's is the franchisor of a System providing authentic Mexican food to the general public. Through and by virtue of a Trademark License Agreement with SR Ozzy's LLC, Sr. Ozzy's licenses others to operate authentic Mexican restaurants under the federally registered service mark, SR. OZZY'S® (the "Sr. Ozzy's Mark").

12. Through the expenditure of time, skill, effort, and money, SR Ozzy's LLC is the sole owner, and Sr. Ozzy's as the sole licensor, have developed the Sr. Ozzy's Mark, which have been used in the development, organization, and operation of a System of restaurants offering food to the general public.

13. Sr. Ozzy's has entered into Franchise Agreements for the operation of Sr. Ozzy's restaurants at various locations throughout the United States, pursuant to which Sr. Ozzy's licenses others the right to operate Sr. Ozzy's restaurants using the Sr. Ozzy's Mark and System.

14. Sr. Ozzy's System consists of the manner in which the franchisee is licensed to operate the Sr. Ozzy's restaurant, the method of doing business, and certain other trade secrets and proprietary information, as designated and adopted by Sr. Ozzy's.

15. Sr. Ozzy's and SR Ozzy's LLC have developed the Sr. Ozzy's Mark, for use in the operation of the licensed Sr. Ozzy's restaurants, which include the following principal trademark which has been registered by SR Ozzy's LLC on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| Mark | Registration No. | Registration Date |
|---|---|---|
| SR.OZZY'S® | 6939035 | January 3, 2023 |

16. The foregoing registration is valid, subsisting, in full force and effect, and covers the goods and services identified in the registration certificate. The registration is incontestable under the Lanham Act, 15 U.S.C. § 1065. A copy of the certificate of registration is attached hereto as Exhibit A.

17. The Sr. Ozzy's Mark has been used exclusively by Sr. Ozzy's, and its designated licensees, in commerce in connection with the operation of Sr. Ozzy's restaurants since July 2017.

18. The Sr. Ozzy's Mark has become a valuable asset of substantial and inestimable worth to Sr. Ozzy's. The Sr. Ozzy's Mark is a symbol of a quality dining experience served by Sr. Ozzy's. Sr. Ozzy's has a vital economic interest in protecting its name and the Sr. Ozzy's Mark. The preservation and protection of its name and the Sr. Ozzy's Mark is essential to the maintenance of the quality of Sr. Ozzy's restaurants and the goodwill and reputation associated with them.

# THE PARTIES' FRANCHISE AGREEMENT AND INDIVIDUAL DEFENDANTS' TERMINATION

19. On or about May 25, 2022, Sr. Ozzy's entered into a Franchise Agreement with the Individual Defendants, jointly and severally, in connection with the operation of a Sr. Ozzy's restaurant located at 19401 N. Cave Creek Road, #15-17, Phoenix, Arizona 85025. A copy of the fully-executed Franchise Agreement is attached hereto as Exhibit B. News of this Franchise Agreement was well-received in and around Phoenix, Arizona. *See* https://whatnowphoenix.com/sr-ozzys-tacos-y-mariscos-to-open-third-location-in-north-phoenix/ (last visited on January 31, 2023).

20. The Individual Defendants underwent Sr. Ozzy's initial training, in Phoenix, Arizona, in August 2022. At that time, Sr. Ozzy's provided the Individual Defendants access to its Operations Manual (the "Manual"), which contained operating instructions and additional information relevant to the operation of a restaurant. After that time, Sr. Ozzy's provided ongoing training, support, and guidance to the Individual Defendants, who were making efforts to open a Sr. Ozzy's franchise in Phoenix, Arizona.

21. However, in or about November 2022, the Individual Defendants ceased communicating with Sr. Ozzy's and its representatives. Sr. Ozzy's subsequently learned that Individual Defendants intended to operate a Sr. Ozzy's restaurant separate and apart from their franchisor, Sr. Ozzy's. In fact, within days of this filing, Individual Defendants intend to open and operate a restaurant called "Sr. Ozzy's" in Phoenix, Arizona. Specifically, the Individual Defendants are operating a restaurant appearing as follows:



22.  In light of this, on January 25, 2023, Sr. Ozzy's notified the Individual Defendants, in writing, of the immediate termination of the Franchise Agreement by and between the Individual Defendants and Sr. Ozzy's. In this Notice of Termination, the Individual Defendants were explicitly reminded of their post-termination obligations. A copy of this Notice is attached hereto as Exhibit C.

23.  Since the date of termination, and continuing through today, the Individual Defendants have continued to operate the formerly-franchised restaurant, have continued to improperly use the Sr. Ozzy's Mark and Sr. Ozzy's name without authorization, and have continued to improperly hold themselves out to the public as a licensee of the Sr. Ozzy's Mark and part of the Sr. Ozzy's System.

24.  Pursuant to Section 10.3 of the Franchise Agreements, the Individual Defendants expressly agreed that, upon termination of the Franchise Agreement, they would cease to operate a restaurant under the name Sr. Ozzy's, would cease to use the Sr. Ozzy's Mark, and de-identify the property ("Post-Termination Obligations"). Further, under Section 8.6.2 of the Franchise Agreement, for a period of two years from the termination date, Defendants are barred from owning, maintain, operating, engaging in, providing any assistance to, or having any interest, in any business competitive with Sr. Ozzy's located at 19401 N. Cave Creek Road, #15-17, Phoenix, Arizona 85025, or within twenty-five miles of the intended Sr. Ozzy's location.

25.  As a result of the valid termination of the Franchise Agreement, the Individual Defendants are required to abide by the post-termination obligations of the Franchise Agreement.

26.  As of the date of this filing, the Individual Defendants are intending to continue operating the formerly-franchised restaurant and to hold themselves out to the public as a licensee of the Sr. Ozzy's Mark and part of the Sr. Ozzy's System.

27.  As of the date of this filing, the Individual Defendants are acting as members and manager of Bar & Grill, which uses the Sr. Ozzy's Mark in its name.

28. The Individual Defendants' failure to abide by the post-termination obligations required under the Franchise Agreement, and continued use of the Sr. Ozzy's Mark and Sr. Ozzy's System in connection with the intended operation of a restaurant at the site of the formerly-franchised restaurant has caused, and is continuing to cause, irreparable harm.

29. Pursuant to Section 11.12 of the Franchise Agreement, Plaintiffs are entitled to recover, as the prevailing party, their costs and expenses, including legal fees and expenses, in connection therewith.

30. Additionally, as this is an exceptional case of trademark infringement based upon Defendants' deliberate, willful, and bad faith acts of infringement, Plaintiffs are also entitled to recover their attorneys' fees under 15 U.S.C. § 1117(a).

31. Defendants have not voluntarily ceased its unlawful acts, thus necessitating the present lawsuit.

## CLAIM FOR RELIEF I
**Trademark Infringement, Unfair Competition, and False Designation of Origin
(15 U.S.C. § 1125(a) and Common Law)**

32. Plaintiffs reallege and incorporate by reference each paragraph above as if set forth herein.

33. Sr. Ozzy's has spent substantial sums to promote, and has generated substantial revenue and recognition from, its Sr. Ozzy's mark, which are distinctive.

34. The distinctive Sr. Ozzy's Mark have become impressed upon the minds of the trade and public and identifying Sr. Ozzy's products and services, as part of a soon-to-be-national franchise, and consumers understand the marks and logos to indicate the source or origin of such products and services provided in connection with the authentic Mexican restaurant of Sr. Ozzy's.

35. Sr. Ozzy's has developed a large and valuable franchise system through its use of the Sr. Ozzy's Mark, and the reputation and goodwill in those marks is of great value to Sr. Ozzy's.

36. Defendants have used in commerce the Sr. Ozzy's Mark without Sr. Ozzy's consent or authorization.

37. Such use of the Sr. Ozzy's Mark is likely to confuse consumers into believing that Defendants and their restaurant are associated with, endorsed by, or sponsored by, Sr. Ozzy's when they are not.

38. Defendants' conduct constitutes false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law.

39. As a result of Defendants' willful and intentional acts, Sr. Ozzy's has incurred attorneys' fees and expenses.

40. Defendants have caused, and unless restrained by this Court, will continue to cause, irreparable harm, damage, and injury to Sr. Ozzy's.

41. Sr. Ozzy's has no adequate remedy at law.

### CLAIM FOR RELIEF II
### Trademark Infringement
### (15 U.S.C. § 1114)

42. Plaintiffs reallege and incorporate by reference each paragraph above as if set forth herein.

43. Sr. Ozzy's owns a federal registration for the Sr. Ozzy's Mark in connection with its restaurant services, namely, U.S. Reg. No. 6939035 (the "Registration").

44. The Registration serves as prima facie evidence of the validity of the registered mark and of SR Ozzy LLC's ownership (and Sr. Ozzy's license holder status) of the Sr. Ozzy's Mark and exclusive right to use the marks in commerce pursuant to 15 U.S.C. § 1115(a).

45. Defendants have used a colorable imitation of the registered marks in connection with the sale, offering for sale, distribution, and advertising of foods and services in a manner likely to cause confusion, or to cause mistake, or to deceive.

46. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' willful and intentional actions have caused, and unless restrained or enjoined by this Court, will continue to cause irreparable harm and injury to Sr. Ozzy's.

48. Sr. Ozzy's has no adequate remedy at law.

### CLAIM FOR RELIEF III
### Breach of Contract

49. Plaintiffs reallege and incorporate by reference each paragraph above as if set forth herein.

50. The Franchise Agreement is a valid contract executed by Sr. Ozzy's and the Individual Defendants, jointly and severally.

51. The Individual Defendants breached the Franchise Agreement by continuing to use the Sr. Ozzy's Mark following termination of the Franchise Agreement.

52. The Individual Defendants breached the Franchise Agreement by continuing to suggest an affiliation between Sr. Ozzy's and the Individual Defendants following termination of the Franchise agreement.

53. The Individual Defendants breached the contract by continuing to operate a restaurant at the site of the formerly-franchised Sr. Ozzy's restaurant, in violation of the covenants contained in the Franchise Agreement.

54. As a result of the Individual Defendants' willful and intentional actions, the Individual Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Sr. Ozzy's.

**55.** Attorneys' fees and costs, as permitted under the Franchise Agreement and authorized under A.R.S. § 12-341.01.

### CLAIM FOR RELIEF IV
### Trade Secret Misappropriation
### (Arizona Trade Secrets Act, A.R.S. § 44-401, *et seq*.)

56. Plaintiffs reallege and incorporate by reference each paragraph above as if set forth herein.

57. Plaintiffs possess certain trade secret information not generally known to, or readily ascertainable by, others that provides significant economic advantage to anyone desiring to set up and run a competing authentic Mexican style restaurant, some of which is set forth in its Manual, as discussed above.

58. Plaintiffs take reasonable steps to maintain the secrecy of this information by maintaining control over its circulation, requiring each franchise to agree to and abide by certain confidentiality provisions, requiring each franchisee in turn to have its employees execute a similar confidentiality agreement, and demanding the return of all copies of the Manual upon the termination or expiration of any franchise.

59. The Franchise Agreements executed by the Individual Defendants require that the Individual Defendants use this information solely for the business purposes contemplated in the agreements and not disclose the information to anyone else or use it to compete with Sr. Ozzy's.

60. The Notice of Termination sent to the Individual Defendants advised Individual Defendants that they must immediately return copies of the Manual, and that the Individual Defendants could not use any of Sr. Ozzy's confidential or trade secret information for any purpose thereafter.

61. The Individual Defendants have not returned the Manual.

62. The Individual Defendants immediately set up a directly-competing restaurant out of the same space accepted by Sr. Ozzy's as a franchised location to be operated by the Individual Defendants.

63. The Individual Defendants have wrongfully retained Plaintiffs' trade secret information.

64. Upon information and belief, the Individual Defendants have wrongfully used Plaintiffs' trade secret information, including, but not limited to, information set forth in the Manual to quickly set up and operate a competing business in the same location (and territory)

the Individual Defendants intended to operate a Sr. Ozzy's franchised restaurant from, thereby severely diminishing Sr. Ozzy's ability to sell this territory to another franchisee.

65. The Individual Defendants' conduct constitutes misappropriation of trade secrets pursuant to A.R.S. § 44-402.

66. As a result of the Individual Defendant's willful and intentional actions, the Individual Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Sr. Ozzy's.

67. Sr. Ozzy's has no adequate remedy at law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court enter an order for Plaintiffs, and against Defendants, granting the following relief:

(a) The entry of a preliminary and permanent injunction prohibiting Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concern with them, from:

    i. Using Sr. Ozzy's marks and logos and any confusingly-similar marks;

    ii. Otherwise suggesting that Defendants are affiliate with, sponsored by, or endorsed by Sr. Ozzy's;

    iii. Engaging in any other activity constituting unfair competition or trademark infringements;

    iv. Operating a competing restaurant in Defendants' former Sr. Ozzy's franchise Territory or within twenty-five (25) miles thereof for a period of two years following termination of the Franchise Agreement, and extending such period for the amount of time during which Defendants willfully violated their covenants;

    v. Maintaining, using, or disclosing Sr. Ozzy's Manual; and

    vi. Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

(b) The entry of a preliminary and permanent injunction ordering Defendants to return all Manuals and Confidential Information to Plaintiffs.

(c) An award of reasonable attorneys' fees and costs pursuant to Section 11.12 of the Franchise Agreement and A.R.S. § 12-341.01.

(d) Such other equitable relief as the Court deems appropriate.

DATED: February 6, 2023.

**RESPECTFULLY SUBMITTED,**

**GREENSPOON MARDER LLP**

/s/ Sharon A. Urias
Sharon A. Urias
Daniel F. Nageotte
8585 E. Hartford Drive, Suite 700

**GREENSPOON MARDER LLP**

/s/ Evan M. Goldman
Evan M. Goldman
(*Pro Hac Vice* forthcoming)

**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

  /s/ Marlee Grayson

## VERIFICATION OF DIANA A. PEREZ

I, Diana A. Perez, member and authorized representative of Plaintiffs, Sr. Ozzy's Franchising LLC and SR Ozz's LLC, having read the contents of the above Verified Complaint and hereby verify, under penalty of perjury, that the allegations set forth therein are true and correct to the best of my knowledge.

Executed this 1st day of February, 2023

DIANA A. PEREZ